UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-CLAUDE MYRTIL,<br><br>                    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, and DOES 1 through 10, Inclusive,<br><br>                    Defendants. | Case No.  CV14-1517-R-PLAx<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>**DATE:**    October 20, 2014<br>**TIME:**    11:00 a.m.<br>**PLACE:**   Courtroom 8<br>**JUDGE:**   Hon. Manuel L. Real<br><br>**Complaint Filed: February 28, 2014**<br>**Trial Date: October 28, 2014** |

# STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-1, Defendant University of Southern California ("Defendant" or "USC") submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion For Summary Judgment Or, In The Alternative, Partial Summary Judgment.

The following uncontroverted facts are applicable to all issues submitted as being without controversy:[1]

## STATEMENT OF UNCONTROVERTED FACTS

| Uncontroverted Fact | Supporting Evidence |
|---|---|
| 1. Plaintiff submitted an application for admission into USC as a transfer student, dated May 1, 2012, for the Fall 2012-2013 academic year. | 1. The Deposition of Jean-Claude Myrtil[2], ("Plaintiff's Depo.") 197:15-198:1, Exh. 7; Declaration of Rebecca Chassin ("Chassin Decl."), ¶ 6. |
| 2. Plaintiff submitted an application for admission into USC as a transfer student, dated November 1, 2012, for the Fall 2013-2014 academic year. | 2. Plaintiff's Depo. 200:16-19, Exh. 8; Chassin Decl., ¶ 6. |

---

[1] Defendant treats Plaintiff Jean-Claude Myrtil's ("Plaintiff") testimony and allegations as true only for purposes of this motion for summary judgment, and reserves the right to dispute such testimony and allegations at trial, or any other proceeding.
[2] Cited portions of Plaintiff's deposition transcript and referenced exhibits are attached to the Declaration of Mustafa El-Farra as Exhibit A.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

| **Uncontroverted Fact** | **Supporting Evidence** |
|---|---|
| 3. Plaintiff was applying for full-time enrollment at USC. | 3. Plaintiff's Depo. 142:9-14, 143:3-8. |
| 4. Plaintiff's application for admission into USC for the Fall 2013-2014 academic year stated that he had "schizophrenia" and was "retarded." | 4. Plaintiff's Depo. 200:16-19, Exh. 8. |
| 5. Plaintiff did not request any accommodations for his alleged disability in either of his applications for admission into USC. | 5. Plaintiff's Depo. 197:15-198:1, 200:16-19, 221:2-23, Exhs. 7-8. |
| 6. Plaintiff was required to submit all of his official college transcripts in order to be considered for admission into USC. This requirement applied to all transfer student applicants. | 6. Plaintiff's Depo. 279:15-280:11, Exh. 14; Chassin Decl., ¶ 6. |
| 7. USC apprised Plaintiff that it did not receive all of his academic records/transcripts. | 7. Plaintiff's Depo. 228:23-229:14, 230:20-231:6, Exh. 10. |
| 8. Plaintiff communicated to USC that he would not be providing an academic transcript from Concordia University, one of the schools he | 8. Plaintiff's Depo. 240:23-241:9, 243:13-25, Exh. 11. |

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

| **Uncontroverted Fact** | **Supporting Evidence** |
|---|---|
| attended. | |
| 9. Plaintiff's application for admission into USC for the Fall 2012-2013 academic year was denied on or about May 30, 2012, and his application for admission for the Fall 2013-2014 academic year was denied on or about May 31, 2013. USC denied his applications because they were incomplete, since Plaintiff failed to submit all of the required materials, including all of his official academic transcripts from the colleges he had previously attended. | 9. Plaintiff's Depo. 197:15-198:1, 200:16-19, 221:2-23, Exhs. 7-8; Chassin Decl., ¶ 7. |
| 10. Plaintiff admits that he did not need an accommodation for his disability. | 10. Plaintiff's Depo. 126:23-25. |
| 11. Plaintiff participated in the audition held by USC's School of Dramatic Arts on February 15, 2013 at the Westin Bonaventure Hotel in Los Angeles. | 11. Plaintiff's Depo. 143:14-144:10; Declaration of Lori Fisher ("Fisher Decl."), ¶¶ 4-5. |
| 12. When Plaintiff was asked what accommodations he expected USC to provide him for his disability, he | 12. Plaintiff's Depo. 113:21-114:17, 134:1-15; Plaintiff's Verified |

| **Uncontroverted Fact** | **Supporting Evidence** |
|---|---|
| could not identify any specific reasonable accommodations. The only accommodation Plaintiff has identified, which he claims he requested from USC, was a compliance officer or ADA representative/disability coach. However, Plaintiff could not identify how such an accommodation would have helped him at the audition. | Complaint, ¶ 40 (Dkt. #1) |
| 13. Plaintiff understands that the audition was only required for the Bachelor of Fine Arts program, not for the Bachelor of Arts program. | 13. Plaintiff's Depo. 143:14-144:10; Fisher Decl., ¶ 3. |
| 14. Plaintiff claims he had issues passing through construction at the hotel where the audition was being held because of his height and weight, not due to his disability. There was no problem with access for people with disabilities at the audition. | 14. Plaintiff's Depo. 162:10-163:3; Plaintiff's Verified Complaint, ¶ 36 (Dkt. #1); Fisher Decl., ¶ 5. |
| 15. Plaintiff did not request any accommodations for his disability to | 15. Plaintiff's Depo. 181:5-14, 183:8-184:1, 186:1-6, 187:8-188:16, Exh. |

| Uncontroverted Fact | Supporting Evidence |
|---|---|
| perform the audition, either before or at the time of the audition. Plaintiff also stated in an email after the audition: "I DO NOT WISH TO AUDITION AGAIN, BUT PERHAPS BE PLACED INTO THE BA PROGRAM INSTEAD." | 6.; Fisher Decl., ¶¶ 6, 8. |
| 16. John Jividen, a Senior Complaint Investigator in USC's Equity and Diversity Department, conducted an investigation into Plaintiff's complaint of discrimination submitted to USC following the audition and found that neither USC nor the School of Dramatic Arts committed any violation of the disability discrimination laws. | 16. Plaintiff's Depo. 179:4-23; Plaintiff's Verified Complaint, ¶ 41 (Dkt. #1). |
| 17. USC's decision to deny Plaintiff's application for admission was not based whatsoever on Plaintiff's performance at the audition. | 17. Fisher Decl., ¶ 10; Chassin Decl., ¶¶ 7-8. |
| 18. USC's "limited status" program is intended for individuals who wish to | 18. Chassin Decl., ¶ 9. |

5.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

| **Uncontroverted Fact** | **Supporting Evidence** |
|---|---|
| take a limited number of courses at USC without formally applying for admission to the university. USC does not have anything called a "pre-matriculation" or "pre-matricular" program. | |
| 19. Students who have not yet completed a bachelor's degree are not eligible for limited status enrollment if they have been denied admission to USC. Thus, Plaintiff was not eligible for limited status enrollment in or about September 2012 and/or thereafter when he tried to enroll, since his application for admission into USC had previously been denied on or about May 30, 2012. | 19. Chassin Decl., ¶ 9; Plaintiff's Verified Complaint, ¶ 23 (Dkt. #1). |
| 20. No officer, director, or managing agent of Defendant engaged in any unlawful conduct against Plaintiff, including but not limited to Lori Fisher and/or Becky Chassin. | 20. Fisher Decl., ¶ 11; Chassin Decl., ¶ 10. |

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

# CONCLUSIONS OF LAW

### A.  Violation Of California's Unruh Civil Rights Act

1. Plaintiff's claim for violation of California's Unruh Civil Rights Act fails as a matter of law because Plaintiff cannot establish a *prima facie* case of discrimination, since Plaintiff cannot establish that Defendant denied full and equal accommodations to Plaintiff and/or that Defendant's conduct was motivated in any way by its perception of Plaintiff's disability.

2. Plaintiff's claim for violation of California's Unruh Civil Rights Act fails as a matter of law because Defendant had legitimate, non-discriminatory reasons for its actions in connection with Plaintiff, and such reasons were not pretextual.

### B.  Violation Of The Americans With Disabilities Act

3. Plaintiff's claim for violation of the Americans with Disabilities Act ("ADA") fails as a matter of law because he cannot establish a *prima facie* case of discrimination, since Plaintiff cannot establish that he was a qualified individual within the meaning of the ADA and/or that he was denied "limited status" enrollment and/or admission into USC because of his disability.

4. Plaintiff's claim for violation of the ADA fails as a matter of law because Defendant had legitimate, non-discriminatory reasons for its actions in connection with Plaintiff, and such reasons were not pretextual.

5. Plaintiff's claim for violation of the ADA fails as a matter of law because Plaintiff cannot establish that Defendant failed to reasonably accommodate his disability.

### C.  Violation Of The Rehabilitation Act Of 1973

6. Plaintiff's claim for violation of the Rehabilitation Act of 1973 ("Rehabilitation Act") fails as a matter of law because he cannot establish a *prima facie* case of discrimination, since Plaintiff cannot establish that he was a qualified individual within the meaning of the Rehabilitation Act and/or that he was denied "limited status" enrollment and/or admission into USC because of his disability.

7. Plaintiff's claim for violation of the Rehabilitation Act fails as a matter of law because Defendant had legitimate, non-discriminatory reasons for its actions in connection with Plaintiff, and such reasons were not pretextual.

8. Plaintiff's claim for violation of the Rehabilitation Act fails as a matter of law because Plaintiff cannot establish that Defendant failed to reasonably accommodate his disability.

### D. Negligence And Negligence Per Se

9. Plaintiff's claim for negligence and negligence per se fails as a matter of law because he cannot establish that Defendant owed him a duty of care and/or that Defendant breached any duty of care owed to Plaintiff.

10. Plaintiff's claim for negligence and negligence per se fails as a matter of law because Plaintiff cannot establish that Defendant violated any statute or regulation, including the ADA and California's Unruh Civil Rights Act.

### E. Intentional Infliction Of Emotional Distress

11. Plaintiff's claim for intentional infliction of emotional distress fails as a matter of law because Plaintiff cannot establish that Defendant's alleged conduct was "extreme" or "outrageous."

12. Plaintiff's claim for intentional infliction of emotional distress fails as a matter of law because Plaintiff cannot establish that Defendant intended to cause or acted with a reckless disregard to cause Plaintiff emotional distress.

### F. Declaratory Relief

13. Plaintiff's claim for declaratory relief fails as a matter of law because Plaintiff cannot establish that an actual controversy exists between the parties, since his other claims fail as a matter of law.

### G. Punitive Damages

14. Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff cannot establish that an officer, director or managing agent of Defendant ratified or engaged in oppression, fraud, or malice against Plaintiff.

15. Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff cannot establish by clear and convincing evidence that Defendant engaged in oppression, fraud, or malice against Plaintiff.

Dated: October 31, 2014

_____
HON. MANUEL L. REAL
U.S. DISTRICT COURT JUDGE

Firmwide:129861573.2 078229.1001